| | | |
|---|---|---|
| **EDWARD R. SALTER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:19-0224** |
| **v.** | : | **(JUDGE MANNION)** |
| **ZACHARY J. MOSLAK,** *et al.,* | : | |
| **Defendants** | : | |

## MEMORANDUM

## I. Background

Edward R. Salter, an inmate confined in the State Correctional Institution, Dallas, ("SCI-Dallas"), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The named Defendants are Zachary J. Moslak, Department of Corrections Chief Hearing Examiner and C.J. McKeown, SCI-Dallas Hearing Examiner. Plaintiff challenges a misconduct hearing in which he was found guilty of Possession of Contraband and Lying to an Employee. Id. Specifically, Plaintiff claims that at his misconduct hearing on April 4, 2018, he pled innocent to all the charges and asked Defendant McKeown if he had reviewed the video surveillance. Defendant McKeown responded with the following:

> Look Salter, I'm not reviewing any video at all, in fact, I know I'm allowed to let you present evidence relevant to your defense, under 37 Pa.Code Section §93.10, (Inmate Discipline), this is SCI-Dallas, and we do what we want here, I believe you didn't do what Mrs. Mattern said you did, but we must stick together, so I find you guilty of Rule #36: Possession of Contraband; Rule #42: Lying to an Employee, I'm dismissing Rule #35: Refusing to Obey

an Order. Mr. Salter, you can appeal this decision to PRC (Program Review Committee), if you don't like their answer, you can appeal it to the Facility Manager (Superintendent), Mr. Mahally, if you don't agree with his response, then you can appeal it to the Chief Hearing Examiner, (Defendant Moslak), but I'm telling you Salter, it won't do you any good to appeal my decision, PRC, Mr. Mahally, & Mr. Moslak will all agree with me, and you'll be wasting your time and money, your sanctions are:

> A. Rule #42: Lying to an Employee, Thirty (30) days cell restriction and loss of job in the commissary;

> B. Rule #36: Possession of Contraband, 180 days loss of commissary.

Id. Plaintiff seeks compensatory and punitive damages, alleging Defendants "clearly violated Plaintiff's Fourteenth (14th) Amendment Right to Due Process, by not allowing Plaintiff to present relevant video evidence in his defense, which if reviewed by Defendant McKeown, would clearly prove Plaintiff's innocence and Plaintiff would've successfully been exonerated of all the charges listed in this misconduct, because Plaintiff didn't possess any contraband, lied to an employee and refused a direct order." Id.

The Prison Litigation Reform Act of 1995 (the "PLRA") obligates the Court to engage in a screening process. See Vieux v. Smith, 2007 WL 1650579 (M.D. Pa.).

Section 1915A provides:

**(a) Screening.** The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. On review, the court shall identify cognizable

claims or dismiss the complaint, or any portion of the complaint if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief against defendant who is immune from such relief.

28 U.S.C. §1915A. The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. §1915A.

## II.  Discussion

### A.  Fourteenth Amendment Due Process

Plaintiff alleges that his due process rights were violated in the context of the disciplinary hearing. The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend XIV. Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Where this protected liberty interest is at stake, due process guarantees mandate that prisoners receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). Because plaintiff did not suffer a loss of good conduct time, the Wolff protections are inapplicable.

Moreover, the due process clause does not provide protection against the imposition of discipline, including disciplinary confinement and the loss of various privileges, insofar as these other forms of discipline do not "impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing Hewitt v. Helms, 459 U.S. 460, 484 (1983)). Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of liberty contemplated by Salter and necessary to trigger due process protections. Sandin v. Conner, 515 U.S. 472, 486 (1995); see Griffin v. Vaughn, 112 F. 3d 703, 706-07 (3d Cir. 1997). Because plaintiff's thirty (30) days cell restriction, loss of job in the commissary, and 180 days loss of commissary, do not impose an atypical and significant hardship on Plaintiff relative to the ordinary limitations of prison life, his due process claim arising out of disciplinary proceedings is subject to dismissal.

## B. Heck v. Humphrey

The sanctions levied against Salter during his disciplinary hearing, were

all imposed as a result of prison misconduct. As such, the Court finds that any Fourteenth Amendment claim regarding his disciplinary hearing is barred under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). Under some circumstances, a prisoner may bring a civil rights claim for monetary damages based on the denial of due process during a prison disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (stating that plaintiff's §1983 "damages claim was ... properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct"). However, such due process claims cannot be brought in an action where the claims "necessarily imply the invalidity of the punishment imposed" unless the plaintiff shows that the sanctions have been overturned. See Balisok[1], 520 U.S. at 648 (finding claims for declaratory and monetary relief based on allegations that plaintiff was denied opportunity to present a defense and that hearing officer was biased could not be brought

---

[1]In Edwards v. Balisok, the Supreme Court applied the lessons of Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under §1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8.

pursuant to §1983); Heck, 512 U .S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254."). Plaintiff's complaint fails to contain any allegation indicating that the challenged misconduct has been reversed or expunged.

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Because there has been no prior challenge to Plaintiff's misconduct, the Court concludes that amendment would be futile. As such, the complaint will be dismissed pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted, and the case will be closed. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 18, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2019 MEMORANDA\19-0224-01.wpd